1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASSIDY H.,

Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No.  3:24-cv-05374-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and child disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

On March 15, 2021 plaintiff filed applications for SSI and child disability benefits alleging a disability onset date of January 2, 2005. AR 208-14, 215-221. The applications were denied initially and upon reconsideration. AR 107-10, 111-15, 116-20, 123-25, 126-28. She later amended the onset date to March 1, 2019. AR312. On April 19, 2023 a hearing was held in front of ALJ David Johnson. AR 38-68. On June 20, 2023 ALJ Johnson issued an unfavorable decision finding plaintiff not to be disabled.

AR 16-37. The Appeals Council denied the request for review and plaintiff initiated this action.

The ALJ found plaintiff had the following severe impairments: obesity, diabetes, anxiety disorder, and post-traumatic stress disorder (PTSD). AR 22. The ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work, as denied in 20 CFR 404.1567(b) and 416.967(b) with the additional restrictions:

> that does not require standing or walking more than 2 hours total in a workday, that does not require climbing of ladders, ropes, or scaffolds, that does not require more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps of stairs, that does not require exposure to hazards, and that does not require more than occasional, superficial interaction (such as "good morning" or "here is the item").

AR 24. The ALJ found plaintiff could perform the following occupations: Marker (DOT 209.587-034), Small Products Assembler II (DOT 739.687-030), and Electronics worker (DOT 726.687-010). AR 30.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did

not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope

of the Court's review. *Id.*

DISCUSSION

**1.  Medical evidence.**

Plaintiff challenges the ALJ's evaluations of the opinions of Dr. Tasmyn Bowes,

Psy.D., Dr. William Wilkinson, Ed.D., Christine Hong, PAC, Lynette McLagan, PA-C,

and the non-examiners. Dkt. 12, opening brief, at 2-8.

Plaintiff filed the claim on March 15, 2021, so the ALJ applied the 2017

regulations. *See* AR 208. Under the 2017 regulations, the Commissioner "will not defer

or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those

from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The

ALJ must nonetheless explain with specificity how he or she considered the factors of

supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§

404.1520c(a)–(b), 416.920c(a)–(b).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Ninth Circuit found that

under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as
> unsupported or inconsistent without providing an explanation supported by
> substantial evidence. The agency must "articulate ... how persuasive" it
> finds "all of the medical opinions" from each doctor or other source, 20
> C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability
> and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).
> *Id.*

A.  Dr. Tasmyn Bowes, Psy.D.

Plaintiff argues that the ALJ erred by failing to evaluate Dr. Bowes' opinion. Dkt.

12 at 2-3.

On September 30, 2015 Dr. Bowes completed a psychological/ psychiatric evaluation of plaintiff. AR 390-94. She identified "severe" limitations in plaintiff's ability to "complete a normal work day and work week without interruptions from psychologically based symptoms," marked limitations in plaintiff's ability to "understand, remember, and persist in tasks by following detailed instruction," "make simple work-related decisions," "ask simple questions or request assistance," "communicate and perform effectively in a work setting," and "maintain appropriate behavior in a work setting." AR 393-94. Dr. Bowes also evaluated other basic work activities as moderate or none or mild. *Id*. The ALJ did not address this opinion, but he noted that this opinion was a part of plaintiff's prior application, "[t]he only evidence in the current file from the period prior to attaining age 22 is from September of 2015. This evidence is not new, as it was in the prior file." AR 19.

Plaintiff argues that it was legal error for the ALJ to not evaluate this opinion because it provides a longitudinal perspective of the longstanding nature of plaintiff's symptoms and limitations. Dkt. 12 at 3.

The Commissioner argues that Dr. Bowes' opinion did not require further discussion by the ALJ because it predated the relevant period by more than five years, making it particularly remote. Dkt. 14 at 8. The Commissioner argues the issue in this case is similar to the one presented in *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989).

The Ninth Circuit has held that opinions that predate the relevant period are of limited relevance. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It has also determined that the relevancy of these opinions is only related to determining whether a condition has worsened. *Fair*, 885 F.2d at 600.

Yet the ALJ did not rely on this reason for rejecting the opinion. *See, e.g., Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (The Court cannot affirm an ALJ's decision on a ground that the agency did not invoke in making its decision) (internal citations omitted). Here the ALJ only mentioned the opinion in the determination of whether there was good cause to re-open the previous decision. AR 19.

The ALJ "need not discuss all evidence presented" *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.

Dr. Bowes' opinion constitutes significant, probative evidence that the ALJ was required to consider; it addresses mental health concerns that the ALJ determined to be severe at the time of his decision.

The ALJ erred in not considering this opinion. Additionally, the error was not harmless. An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id; see also, Carmickle* 533 F.3d at 1160; *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Dr. Bowes' opined significant limitations in basic work activities that were not included in the RFC. Therefore, the error was not harmless.

B.  Dr. William Wilkinson, Ed.D.

1    Plaintiff argues that the ALJ erred in discounting Dr. Wilkinson's opinion. Dkt. 12

2  at 3-4.

3    On April 5, 2023 Dr. Wilkinson completed a psychological/ psychiatric evaluation.

4  AR 1544-48. He diagnosed generalized anxiety disorder, panic disorder, unspecified

5  anxiety disorder (features of PTSD), major depressive disorder, recurrent, moderate to

6  marked currently, personality disorder (some features of cluster B and C). AR 1545. He

7  opined that she had severe limitations in several basic work activities including:

8  "perform activities within a schedule, maintain regular attendance, and be punctual

9  within customary tolerances without special supervision," "maintain behavior in a work

10  setting," and "complete a normal work day and work week without interruptions from

11  psychologically based symptoms." AR 1546. He opined she would have a moderate or

12  none or mild limitation in every other basic work activity. *Id*. He assigned an overall

13  severity rating of severe. *Id*.

14    The ALJ found this opinion to be not persuasive on the basis that his own exam

15  did not support his findings, it was inconsistent with a lack of such issues in mental and

16  physical health treatment notes, and it was inconsistent with the examination by PA-C

17  McLagan. AR 28.

18    Plaintiff argues that the ALJ erred in finding Dr. Wilkinson's opinion to be contrary

19  to his own exam because Dr. Wilkinson described clinical findings that supported the

20  opined limitations. Dkt. 12 at 4. She also argues that Dr. Wilkinson's opinion is

21  consistent with notes from her treating psychiatrist. *Id*.

22    As for the ALJ's first reason, the ALJ may reject an opinion for internal

23  inconsistency. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet the ALJ

24

25                                                    6

must consider the context of the opinion in the record, including observation and

treatment notes. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

The ALJ noted that Dr. Wilkinson's opinion was inconsistent with the exam in the

following ways,

> [t]he exam showed "evidence of personal care" and appropriate appearance, as
> well as good eye contact and participation in the session. She was responsive to
> being asked to speak up, and was noted to be a good verbalizer with logical,
> goal-directed-speech. She was cooperative and, although tentative at times, she
> readily persisted at her part in the evaluations, He noted her mood was reported
> as ok with a lot of anxiety helped by medications, and an affect congruent with
> her mood. All other signs observed, including concentration were within normal
> limits.

AR 28.

The ALJ's decision does not describe any inconsistencies between the

observations cited by the ALJ and the limitations opined by Dr. Wilkinson such as

performing activities within a schedule, maintaining regular attendance, being punctual

within customary tolerances, and completing a normal work week or work day without

interruptions from psychologically based symptoms. When an ALJ seeks to discredit a

medical opinion, they must explain why their own interpretations, rather than those of

the doctors are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)) The ALJ did not explain and

the Court is unable to discern how the cited portions of the exam were inconsistent with

the opined limitations and therefore this reason is not supported by substantial

evidence.

As for the ALJ's second reason, consistency with the record is an important

factor in assessing the weight to give a medical opinion, yet mental examinations must

be considered in the context of the overall record. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

Earlier in the opinion, the ALJ cited

normal observations like neat appearance, adequate hygiene, appropriate dress and grooming, behavior appropriate to circumstance, cooperative behavior, normal eye contact, a good account of her situation, clear and developmentally appropriate speech, alert, oriented, intellectually average appearance, euthymic, calm, and/or mood, congruent affect, fair/good insight and judgment, appropriate thought content, and goal-directed, coherent, and logical thought and perceptional process.

AR 26 (citing AR 572, 575, 579, 582-591, 1526, 1529, 1532, 1535, 1539, 1558, 1561, 1567-1629). But, Dr. Wilkinson's opinions about plaintiff's limitations were specific to the context of plaintiff's ability to effectively complete work activities within a given workday. In contrast, the cited evidence is from plaintiff's medical appointments, where conditions are not analogous to those of a competitive working environment.

And, the record does not support the ALJ's conclusion. The progress reports from treatment providers show plaintiff was at times noted to have a "depressed/anxious mood" or "irritable" mood. AR 534, 537, 588, 591. On November 3, 2020, a provider noted that she has chronic low self-esteem. AR 537. On January 5, 2021 she was noted to have fleeting thoughts of self harm although she had not made any plans or taken any steps toward harming herself. AR 534. On January 11, 2021 she described a fear of being around people because she is worried about snapping around them or being bad company. AR 590. On September 15, 2021 she reported being always isolated, with no friends. AR 571-72. On December 23, 2021 she reported suicidal ideation every day but no plans. AR 581. Her provider stated there was noteworthy decompensation to watch for. AR 832. Plaintiff continued to report fleeting thoughts of suicidal ideation throughout

2022. AR 1614, 1587, 1584, 1581. She frequently reported experiencing anxiety and depression, and often complained that these symptoms interfered with her sleep, to the point she did not sleep at all on some nights. AR 562, 571, 578, 590. On September 13, 2021 she reported that her mood shifted suddenly many times throughout the day with no apparent trigger, and she experienced at least one crying spell a day. AR 1581.

Accordingly, this reason was not supported by substantial evidence.

As for the ALJ's third reason, as noted below, the ALJ erred in evaluating PA-C McLagan's opinion, therefore inconsistency with this opinion is not a valid basis for discrediting Dr. Wilkinson's opinion.

At the hearing, the Vocational Expert (VE) testified that an individual who exhibited inappropriate behavior such as distracting others and being off task for more than ten percent of the time would be subject to a three strike rule before they were terminated. AR 66-67. The VE testified that it would not be tolerated for an individual to be tardy for at least ten percent of the work week. AR 66. Therefore, had the ALJ included the limitations opined by Dr. Wilkinson it may have resulted in a more restrictive RFC. The error in evaluating his opinion was not harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

C.  Christine Hong, PA-C[1]

Plaintiff argues the ALJ did not state any reason supported by substantial evidence for discounting the opinions of PA-C Hong. Dkt. 12 at 4-6.

---

[1] The ALJ mistakenly refers to Christine Hong, PA-C as Irene Chege, PA-C. AR 28 (citing AR 446-56).

On October 3, 2021 PA-C Hong completed a physical disability evaluation. AR 446-56. PA-C Hong noted that plaintiff was negative for all symptoms aside from psychiatric and gastrointestinal. AR 448.

PA-C Hong diagnosed plaintiff with morbid obesity, diabetes type II uncontrolled, and post-operative pain from cholecystectomy. AR 454. She completed a medical source statement and opined that plaintiff could stand/walk for two to four hours cumulative, one to two hours at a time, could sit for two to four hours cumulative, one to two hours at a time, could perform squatting/kneeling/climbing/crawling occasionally, from very little to one-third of the time, could perform balancing/climbing ladders/climbing stairs frequently, one-to-two thirds of the time, could use foot controls one-to-two thirds of the time, could lift/carry up to ten pounds occasionally, three to seven pounds frequently, and could push/pull from one-to-two thirds of the time. AR 455. She opined plaintiff could continuously, or over two-thirds of the time, reach waist to shoulder, reach above shoulder, and grip/handle/finger/feel/manipulate. *Id*. She opined plaintiff had no temperature restrictions and could tolerate exposure to vibration, operation of a motor vehicle, unprotected heights, pulmonary irritants, dust, fumes, and humidity continuously, or over two-thirds of the time. *Id*.

The ALJ found this opinion to be generally persuasive on the basis that the opinion of a reduced exertion level was consistent with the longitudinal record, but, it was less persuasive than the opinions of the DDS examiners, and PA-C Hong provided little support for her opinion. AR 28-29.

Plaintiff challenges the ALJ's reasons for partially rejecting PA-C Hong's opinion and argues that the ALJ erred by failing to include all of the limitations opined by PA-C Hong in the RFC. Dkt. 12 at 4-6.

As for the ALJ's first reason, a provider's familiarity with other evidence in the record is a factor an ALJ may consider, 20 C.F.R.§§ 404.1520c(c)(5), 416.920c(c)(5), however, here the ALJ did not identify evidence from the broader record that the ALJ found as undermining PA-C Hong's opinion. The ALJ references the discussion earlier in the opinion regarding the DDS medical consultants, yet the ALJ does not explain how the cited evidence, which shows an elevated BMI and fluctuations in blood sugar stability, undermines PA-C Hong's opined limitations. *See* AR 27 (citing 1182, 1258, 1275, 1310, 1348, 1510, 1514, 1542).

Because the ALJ did not provide a basis for the conclusion that PA-C Hong's opinion is inconsistent with the longitudinal record and the Court cannot discern the reason, this was not a proper reason for discounting PA-C Hong's opinion. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security Administration must set forth the reasoning behind its decision in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions).

As for the ALJ's second reason, an ALJ need not accept a medical opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Baston v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here the ALJ's conclusion appears to be based on PA-C Hong's reference to "diagnoses listed above" as reasoning for the opinion concerning several of the opined limitations in the medical

1    source statement. AR 454-55. But, PA-C Hong also stated that the opinions are based

2    on "the information available today, including objective findings on the claimant's exam

3    as well as assessment of the natural history of the claimant's medical/physical

4    conditions." AR 454. Additionally, PA-C Hong described many of her findings that

5    support her opinion in the physical exam portion of the evaluation, including moderate

6    difficulty getting off the exam table, and a reduced range of motion in all directions (less

7    than 25% of the normal range) in her lumbar spine and hips. AR 448-54.

8        The ALJ also noted that PA-C Hong's opinion appeared to heavily rely on

9    plaintiff's symptoms. AR 28. If a medical source's opinions are based "to a large extent"

10   on an applicant's self-reports and not on clinical evidence, and the ALJ finds the

11   applicant not credible, the ALJ may discount the source's opinion. *Tommasetti v.*

12   *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Bayliss v. Barnhart*, 427 F.3d

13   1211, 1217 (9th Cir. 2005). But, when an opinion is not more heavily based on a

14   patient's self-reports than on clinical observations, there is no evidentiary basis for

15   rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th

16   Cir. 2008).

17       Specifically, the ALJ cited PA-C Hong's exam findings that showed "some

18   reduced lumbar spine and hip range of motion and hip/leg strength, but otherwise

19   normal findings, including intact sensation, other normal range of motion and strength,

20   and steady, non-antalgic gait." AR 28-29. The medical source statement appears to

21   reflect the less severe findings from the exam -- poor to fair function in categories

22   involving plaintiff's lower body, and good to excellent function in areas involving her

23   upper body such as reaching and gripping/handling/fingering/feeling/manipulation. AR

454-55. Therefore, the record does not support the ALJ's conclusion that PA-C Hong's opinion was based more heavily on plaintiff's self reports than on the clinical observations.

Accordingly, the ALJ failed to provide proper reasons to discount PA-C Hong's opinion.

PA-C Hong opined more severe exertional levels with reduced standing/walking and postural activities than the ALJ provided for in the RFC. Had the ALJ included these limitations it may have resulted in a more restricted RFC. Thus the error in evaluating this opinion was not harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

D.  Lynette McLagan, PA-C

Plaintiff argues that the ALJ erroneously found PA-C McLagan's opinion to be generally persuasive. Dkt. 12 at 6.

On October 15, 2021 PA-C McLagan completed a psychiatric disability evaluation. AR 458-466. She conducted a mental status examination and opined that plaintiff was not malingering. AR 464. She opined that plaintiff's prognosis was fair if optimal treatment over the next twelve months consisting of medication management and psychotherapy. AR 464-65. She diagnosed plaintiff with unspecified anxiety disorder with panic and post traumatic stress disorder. AR 464. She completed a medical source statement and opined that plaintiff is able to manage funds, understand, remember, and carry out simple instructions, understand, remember, and carry out complex instructions, sustain concentration and persist in work-related activity at a reasonable pace including regular attendance at work and completing work without

interruption, and interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace. AR 465.

The ALJ found PA-C McLagan's opinion generally persuasive. AR 29. He found the opinion of no significant limitations was supported by the longitudinal record, however, some interaction restriction, as opined by the DDS opinion, was appropriate. AR 29. He determined that the DDS doctors were more persuasive because they had the advantage of a longitudinal perspective. *Id*.

Plaintiff argues the ALJ erred in finding PA-C McLagan's opinion to be generally persuasive because it was inconsistent with her own findings, and the opinions of Dr. Bowes and Dr. Wilkinson, and therefore was lacking in both consistency and supportability. Dkt. 12 at 6. However, plaintiff does not explain how PA-C McLagan's opinion was inconsistent with her own findings outside of quoting portions of PA-C McLagan's notes. Importantly, this does not address the explanations PA-C McLagan provided for each residual function such as "history/interview, mental status exam, performance on intellectual functioning portion of exam, easily followed more complex interview questions." AR 465. The ALJ did not err in finding PA-C McLagan's opinion to be persuasive on this basis.

As for the ALJ's first reason for finding PA-C McLagan's opinion persuasive, the ALJ's decision refers to the portions of medical records (as discussed above, in the analysis of the ALJ's evaluation of the persuasiveness of Dr. Wilkinson's opinion). An ALJ may not "cherry-pick" evidence from the record to support their findings. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (finding that the ALJ erred

by selectively picking some entries in the record while ignoring others). Accordingly, this reason is not supported by substantial evidence.

Therefore, the ALJ erred in assessing the persuasiveness of this opinion. PA-C McLagan opined no significant limitations in mental work activities. Had the ALJ not accepted this evaluation it may have resulted in a more restrictive RFC. Thus the error in evaluating this opinion was not harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

**2. Plaintiff's statements regarding subjective symptoms**

Plaintiff argues that the ALJ failed to articulate specific, clear, and convincing reasons for rejecting her subjective symptom testimony. Dkt. 12 at 8-12.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).   In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Plaintiff testified that she lives with her mom; her mother has multiple sclerosis and does not work. AR 48-49. She helps her mom by making coffee, tea, or something simple for a meal. AR 49. She testified that she takes medications that she finds to be helpful but she experiences side effects. AR 52-53. Specifically, she gets a once a

month injection of Mounjaro that causes nausea and exhaustion. AR 53. She stated that she spends her time laying in bed, playing with her pets, making food, running errands with her mom, watching movies and drawing. AR 54-55.

She testified that she does not drive because she is concerned if she was having a bad day she would try to end her life by driving into oncoming traffic or off a bridge on purpose, a therapist advised her not to drive for the same reason. AR 55. She testified that she has thoughts of ending her life in general and it prevents her from doing things like washing dishes due to handling knives. AR 56. She testified that it would prevent her from going to school two to three times a week and prevented her from going to work three or four times a month. AR 56.

She testified that her mental health impacts everything; if she's having really bad anxiety it impacts her sleep which turns to her being exhausted and unable to do things or being up during normal times of the day. AR 57. When her mood gets bad her depression gets to a point where she's ready to die and there's nothing she can do but sleep. AR 58. This would happen once or twice a week. *Id.*

She testified that she gives the animals food and water, and does her laundry. *Id.* She normally does not interact with anyone outside of her own family. *Id.* She is sometimes able to handle her own personal care but it is tied to her depression. *Id.* She frequently has severe chest pains that is exacerbated by walking, she can walk for 10 minutes at a time before she needs to stop. AR 59.

Plaintiff stated that she can stand for maybe 20-25 minutes and then she would need to switch to sitting or lying down, due to her heart rate. AR 60. Her weight makes it difficult to complete tasks like putting away groceries due to her heart rate and her

1  difficulty bending to pick things up in a repeated motion. AR 60-61. She testified she can

2  sit for about an hour at a time before she needs to get up and move for about five

3  minutes because it is painful to be in the same position. AR 61.

4      The ALJ found that plaintiff's medically determinable impairments could

5  reasonably be expected to cause some of the alleged symptoms to some degree but

6  inconsistencies undermine the weight that can be given to plaintiff's symptom reports.

7  AR 25.

8      Specifically, he found testimony regarding her mood inconsistent with behavioral

9  treatment notes that did not reflect the consistency reported and normal mental status

10  examinations. AR 25-26. He found that evidence that her nausea with medication

11  ceased after her cholecystectomy to be inconsistent with the reports of the side effects

12  of her medication. AR 26. He noted evidence that her diabetes has been managed with

13  medication. *Id.*  He also noted that her allegations regarding the side effects of

14  Mounjaro are not supported by the record to the degree she reported. AR 27.

15      "Contradiction with the medical record is a sufficient basis for rejecting the

16  claimant's subjective testimony."  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

17  1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th

18  Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely

19  on a lack of objective medical evidence to fully corroborate the alleged severity of pain."

20  *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639,

21  641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

22

23

24

25

1    Treatment records cannot be cherry-picked; the ALJ must consider a particular

2    record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d

3    at 1164.

4    The Court has already concluded that the ALJ erroneously evaluated the

5    treatment record (for example, in the context of the ALJ's evaluation of the

6    persuasiveness of Dr. Wilkinson's opinion) by cherry-picking records that supported the

7    conclusion. As far as plaintiff's mental health symptoms, the ALJ did not appear to take

8    into account the waxing and waning nature of mental health symptoms. *See Garrison v.*

9    *Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (during the progression of a mental health

10   condition, symptoms may wax and wane).

11   Regarding medication, evidence of conservative treatment successfully relieving

12   symptoms can serve as a clear and convincing reason for discounting a plaintiff's

13   testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication and

14   treatment are relevant to the evaluation of a claimant's alleged symptoms); *see also*

15   *Tommasetti v. Astrue*, 553 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481

16   F.3d 742, 750-51 (9th Cir. 2007)) (stating that "evidence of 'conservative treatment' is

17   sufficient to discount a claimant's testimony regarding severity of an impairment.").

18   Here the record shows that plaintiff reported on January 23, 2023, that her

19   chronic stomach pain, nausea, and vomiting resolved after her gallbladder removal. AR

20   1258. Yet, this is not a clear and convincing reason for discounting her testimony about

21   symptoms that existed *before* surgery. *See Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th

22   Cir. 2021) ("ALJ therefore erred by disregarding all of [plaintiff's] testimony, including

23

24

25

portion about his early-period incapacity, on the basis of inconsistencies only clearly applicable to the late-period testimony.").

Regarding the inconsistencies identified relating to her diabetes and obesity, because the Court has concluded that the ALJ erred in evaluating the medical opinions, on remand, the ALJ will be required to reassess the consistency between plaintiff's testimony and the medical record.

Here plaintiff described severe limitations in her mental and physical abilities. Had these limitations been included in the RFC it may have resulted in a more restrictive RFC. These errors were not harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

### 3. Lay witness evidence

Regarding the lay witness testimony, for cases filed prior to March 27, 2017, the Court would uphold the ALJ's decision to discount the opinion of a non-acceptable medical source, such as a friend or a family member, if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 404.1502.

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. § 404.1502(e).

The ALJ was not required to explain his reasoning for rejecting plaintiff's mother's testimony. *Hudnall v. Dudek*, 23-3727, 2025 WL 729701 *3 (9th Cir. Mar. 7, 2025).

1

CONCLUSION

2      Based on the foregoing discussion, the Court concludes the ALJ improperly

3 determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and

4 remanded for further administrative proceedings.

5

6      Dated this 27th day of March, 2025

7

8                                              Theresa L. Fricke
                                               United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25